```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

BILLIE A. PRITCHETT                        CIVIL ACTION

VERSUS                                     NO: 06-10504

DOLLAR GENERAL CORPORATION &               SECTION: "A" (1)
JANE DOE

### ORDER AND REASONS

Before the Court is a **Motion to Remand and for Costs (Rec. Doc. 5)** filed by plaintiff Billie A. Pritchett.  Defendant Dolgencorp, Inc., improperly referred to as Dollar General Corporation ("Dollar General"), opposes the motion.  The motion, set for hearing on January 10, 2007, is before the Court on the briefs without oral argument.  For the reasons that follow the motion is **DENIED**.

### I.     BACKGROUND

Billie A. Pritchett ("Plaintiff") initiated this suit in state court against Dollar General.  Plaintiff alleges that on or about November 13, 2005, she was injured in a Dollar General store in Bogalusa, Louisiana. Specifically, Plaintiff claims that Jane Doe, a Dollar General employee, negligently caused a speaker to fall from a top shelf and strike Plaintiff on the head and left shoulder. (Pet. ¶ 6).  Plaintiff claims that the incident injured her head, neck, and shoulder and caused severe headaches, high

blood pressure, numbness in one of her hands, mental anguish, and limitations in the activities that she previously enjoyed. (Pet. ¶ 9). Plaintiff is a Louisiana citizen. Plaintiff alleges that Jane Doe resides in and is domiciled in Louisiana although her identity remains unknown at this time.

Dollar General removed the case asserting that Plaintiff improperly joined Jane Doe. Dollar General did not explain the basis for that assertion in its notice of removal.

Plaintiff moves to remand the case to state court. Plaintiff argues that she states a claim against Doe under Louisiana law. In opposition, Dollar General argues that Doe's citizenship does not affect removal because she has been sued under a fictitious name.

## II.  DISCUSSION

28 U.S.C. § 1441(a) unequivocally states that "[f]or purposes of removal . . ., the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C.A. § 1441(a) (West 2006). Thus, until such time as Plaintiff specifically identifies Jane Doe, Dollar General is entitled to remove this case.  See Doleac v. Michalson, 264 F.3d 470, 477 (5th Cir. 2001) (holding that remand is appropriate when a substituted "Doe" defendant destroys diversity). The Court makes no determination at this time as to whether Plaintiff states a claim against Jane Doe under the facts alleged.

Accordingly;

**IT IS ORDERED** that the **Motion to Remand and for Costs (Rec. Doc. 5)** filed by plaintiff Billie A. Pritchett should be and is hereby **DENIED**.

January 22, 2007

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE